## McCLELLAN MANZEY, ET AL., v. WILLIAM H. GIRVIN, ET AL.

**Decedents' Estates—Property Set Off to Widow.**

> Where a decedent left suviving him children by a former marriage, also a widow and children by her, and during the life of the widow certain personal property was set off to her as exempt, and the widow then died, the children of her body alone were entitled to such property.

### APPEAL FROM McLEAN CIRCUIT COURT.

February 19, 1875.

OPINION BY JUDGE COFER:

Shelton Manzey died, leaving a widow and two infant children residing with her, and also three adult children by a former marriage. Certain articles of property, belonging to the estate of the deceased husband, were set apart by the appraisers as exempt from distribution; and the widow having died shortly thereafter without having disposed of the property, leaving her two infant children surviving her, and the oldest, a daughter, having married since her mother's death, she and her husband, and all of the daughters of Shelton Manzey by his first marriage, brought this suit against the other infant child of Mrs. Manzey, and the other children of said Shelton, for a partition of the property which had been set apart by the appraisers of his estate.

The circuit court being of opinion that the property should be treated as a part of the estate of Shelton Manzey, adjudged that his five children were each entitled to an equal share thereof, and from that judgment the infant has appealed, and his counsel insists that the other child, who was an infant at the death of her mother, having married, he is now entitled to the whole of the property.

Both Manzey and his widow died before the General Statutes went into effect, and the rights of the parties in this case must be governed by the provisions of the Revised Statutes, and the amendments thereto. By the provisions of Sec. 11, of Chap. 30, of the Revised Statutes, the property directed to be set apart to the widow of an intestate vested in her, for the use and benefit of herself and the infant children of the intestate residing with her.

Being vested with the title to the property for the use and benefit of herself and infant children, Mrs. Manzey, no doubt, had authority to dispose of it, but not having done so, it vested at her death in the two children for whose benefit she held it, and should be divided between them to the exclusion of the other children of her husband.

Wherefore the judgment is *reversed,* and the cause is remanded with directions to dismiss the petition so far as J. T. Girvin and wife are concerned, and to divide the property set apart by the appraisers of the estate of Shelton Manzey, which remained in possession of the widow at her death, equally between the plaintiffs, W. H. Girvin and wife, and the defendant, McClellan Manzey.

*J. C. Jonson, for appellants.*